IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ERIC L. BLOUNT,                          :
                                         :
                Plaintiff                :
                                         :
VS.                                      :
                                         :
Warden JAMES CAMON, Ass't Warden         :    NO. 7:06-cv-10(HL)
MOSES DANIELS, STATE OF                  :
GEORGIA, GEORGIA DEP'T OF,               :
CORRECTIONS, and ROBERT L.               :
PATTEN PROBATION DETENTION               :
CENTER,                                  :
                Defendants               :    **RECOMMENDATION**
_____

Plaintiff **ERIC C. BLOUNT**, an inmate at the Robert L. Patten Probation Detention Center

(the "RLPPD Center") in Lakeland, Georgia, has filed a *pro se* civil rights complaint under 42

U.S.C. § 1983 against the above-named defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Plaintiff alleges that on December 22, 2005, he was forced to attend an event that was religious in nature.  Attached to plaintiff's complaint is a program from the Christmas event held at the RLPPD Center.  Plaintiff further alleges that he was denied proper grievance procedures in trying to resolve the matter.

## III.  DISCUSSION

### A.  State of Georgia, Georgia Department of Corrections, and the Robert L. Patton Probation Detention Center

As an initial matter, plaintiff's complaint as to defendants State of Georgia, Georgia Department of Corrections, and the Robert L. Patton Probation Detention Center should be dismissed.  Although plaintiff names these parties as defendants to this action, he does not make any

specific claims against these defendants in the body of his complaint. Moreover, said defendants are not entities that are subject to suit under section 1983. ***Will v. Mich. Dep't of State Police***, 491 U.S. 58, 71 (1989); ***Edwards v. Wallace Community College***, 49 F.3d 1517, 1524 (11th Cir.1995). Further, the Eleventh Amendment bars a plaintiff's section 1983 action against the State of Georgia and the GDOC for both monetary damages and injunctive relief. ***Stevens v. Gay***, 864 F.2d 113, 114-15 (11th Cir.1989). Accordingly, it is **RECOMMENDED** that State of Georgia, Georgia Department of Corrections, and the Robert L. Patton Probation Detention Center be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B.  Grievance Claim

To the extent that plaintiff is complaining about the grievance procedure at the RLPPD Center, plaintiff has failed to state a claim. An inmate grievance procedure is not constitutionally required. ***See e.g., Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Thus, the denial of such procedures is not actionable under section 1983. Accordingly, it is **RECOMMENDED** that plaintiff's grievance claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C.  Religious Claim

Plaintiff's allegation that he was forced to attend a religious service during the Christmas season may state a claim under the First Amendment.  **Montano v. Hedgepeth**, 120 F.3d 844, 850 n.10 (8th Cir.1997) ("the state cannot compel or even encourage inmates' attendance at religious services").  It is not clear that defendants James Camon and Assistant Warden Moses Daniel were responsible for forcing plaintiff to attend the religious event.  However, mindful of the Court's obligation to require a lesser degree of accuracy from *pro se* litigants than from those represented by an attorney, **Haines v. Kerner**, 404 U.S. 519 (1972), the Court will not recommend that Camon and Daniel be dismissed as defendants for lack of specificity.

Accordingly, the Court will, by separate order, allow plaintiff's religious claim against Camon and Daniel to go forward.

**SO RECOMMENDED**, this 1st day of February, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

4