IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ERIC L. BLOUNT, :
:
      Plaintiff :
:
:
VS. : 7 : 06-CV-10 (HL)
:
Warden JAMES CAMON and :
Ass't. Warden MOSES DANIELS, :
:
:
      Defendants. :

**RECOMMENDATION**

      Presently pending in this § 1983 action is the defendants' Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order. The plaintiff filed this action in January 2006, raising claims of First Amendment violations and denial of proper grievance procedures. Although certain defendants and claims have been dismissed, plaintiff's claim against defendants Camon and Daniels regarding forced attendance at a religious ceremony remains pending.

      The plaintiff maintains that on December 22, 2005, while he was a detainee at the Robert L. Patton Probation Detention Center, he and all other detainees were required to attend a Christmas program that was religious in nature. Plaintiff asserts that although he told officials that he did not want to attend the ceremony because of his religious beliefs, he was told by the defendants that he must attend or face disciplinary action.

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the parties moving for summary judgment, the defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). The sole basis for the defendants' motion is that "Plaintiff cannot produce any evidence that he was forced to attend a religious event." The defendants have not supported their motion with any affidavits or other sworn statements or any documentary evidence.[1]

In response to the defendants' summary judgment motion, the plaintiff reiterates his claims and maintains that he has several witness statements from other detainees who were forced to attend the December 22, 2005, event. He also maintains that the Georgia Department of Corrections Office of Internal Affairs and Compliance initiated an investigation of this matter

---

[1] The defendants also attempt to argue that they are entitled to qualified immunity. Inasmuch as the portion of the defendants' brief devoted to this issue does not appear to refer to the events underlying this lawsuit, but makes reference only to an Eighth Amendment violation, the court will not recognize this as a properly raised argument worthy of consideration. Defense counsel has apparently "cut and pasted" without proofreading.

on January 19, 2006. Despite these assertions, the plaintiff has not submitted any sworn statements or testimony, nor has he produced the documentary evidence, or copies thereof, that he allegedly possesses.

It appears that the parties have succeeded in providing equally poor and meaningless summary judgment showings. The defendants have done little else beyond simply stating that they are entitled to summary judgment, while the plaintiff has responded by referencing evidence that he allegedly has in his possession but has failed to submit to the court in any form. The court notes that the defendants have failed to demonstrate that no genuine issue of material fact remains herein. Celotex, 477 U.S. at 325. Rather than demonstrating the absence of evidence to support the plaintiff's case, the defendants have merely guessed that no such evidence exists. The undersigned finds an insufficient basis upon which to recommend that defendants' motion for summary judgment be granted, and therefore recommends that this motion, at this time, be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 24th day of January, 2007.

/s/ **Richard L. Hodge**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb