**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| ERIC L. BOUNT, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE** |
| VS. | : | **NO. 7:06-CV-10 (HL)** |
| | : | |
| Warden JAMES CAMON, et al., | : | |
| | : | |
| **Defendants.** | : | |

_____

### RECOMMENDATION OF DISMISSAL

Pending herein is Defendants' Motion to Dismiss (doc. # 22) this section 1983 complaint

brought by a plaintiff who was in state custody when he filed this action in January 2006 (doc. #

2). For the reasons set out below it is now recommended that the motion to dismiss be granted

with prejudice.

When plaintiff was granted leave to proceed *in forma pauperis* (doc. # 4) on February 1,

2006, he was advised, among other things as follows:

> During the pendency of this action, each party shall at all times keep the clerk of
> this court and all opposing attorneys and/or parties advised of his current address.
> Failure to promptly advise the Clerk of any change of address may result in the
> dismissal of a party's pleadings filed herein.
>
> Plaintiff is advised that he must diligently prosecute his complaint or face the
> possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil
> Procedure for failure to prosecute.

A review of the electronic docket for this case reveals that on April 17, 2006, plaintiff notified

the court that his current address was at the Southwestern P.D.C., P. O. Box 3188, Moultrie, GA.

31776 (doc. # 12). Further review shows that the last activity undertaken in this matter by the

plaintiff occurred on July 18, 2006, when he filed a response to Defendants' Motion for

Summary Judgment (doc. # 17).

Plaintiff's copy of the Report and Recommendation that defendants' motion for summary judgment be denied, mailed to him at the above address was returned to the court on February 1, 2007, marked "Discharged"(doc. # 19).  The plaintiff's copy of the order of the district judge adopting that recommendation was similarly returned to the court on February 28, 2007 (doc. # 21).

Also on February 28, 2007, defendants filed the instant motion to dismiss the complaint predicated upon plaintiff's failure to provide a current address and his failure to diligently prosecute this matter as required (doc. # 22).  On June 25, 2007, the plaintiff was given the court's customary notice of the filing of the motion to dismiss and of his right to respond in opposition to the granting of the motion (doc. # 23).  This notice was mailed to the plaintiff at his last known address and returned to the court on July 11, 2007, again bearing the notation that plaintiff no longer resided at the Southwestern P.D.C. (doc. # 24).

As shown above the court has been unaware of the plaintiff's whereabouts since at least February 1, 2007, and he has done nothing to further the prosecution of his claim since July 18, 2006, almost one year ago.  As pointed out by the defendants, they are unable to serve plaintiff with their motion due to his failure to comply with the order of the court that he keep the court and defense counsel notified of his present whereabouts.  That the time generally allowed by the court for submitting a response to the motion has not yet expired is of no consequence here as the court is unaware of his current address.

While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.  <u>Moon</u>

v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

A district court's order of dismissal under Rule 41(b) is reviewed for abuse of discretion. World Thrust Films, Inc. V. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995). Dismissal is appropriate when a party engages in a clear pattern of delay or willful contempt, and the district court finds that lesser sanctions will not suffice. Id.

This plaintiff has clearly been forewarned that dismissal of his complaint may occur should he disobey the order to keep the court and defense counsel advised of his current address. Plaintiff's inactivity herein for a period of almost one year shows at least a pattern of clear delay or possibly even willful contempt. The events as set out above lead to the inescapable conclusion that, having been released from custody, plaintiff is no longer interested in pursuing this matter. Inasmuch as the court is unable to contact the plaintiff to impose lesser sanctions, they will not suffice. It is therefore recommended that defendants' motion to dismiss be granted with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN FIFTEEN (15) DAYS of the date the Clerk mails a copy of same to plaintiff at his last known address.

**SO RECOMMENDED,** this 13th day of July 2007.


*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE